IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) VINTAGE MARKET DAYS, LLC, an Oklahoma limited liability company;<br><br>   Plaintiff,<br><br>vs.<br><br>(1) PAULA WALTMAN a/k/a PAULA JEAN WALTMAN a/k/a PJ WALTMAN d/b/a VINTAGE HIP MARKETPLACE;<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No.:  16-cv-603-JED-FHM<br>)<br>) JURY TRIAL DEMANDED<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

**COMES NOW**, Plaintiff, Vintage Market Days, LLC ("Plaintiff" or "VMD"), by and through its attorneys, Kenneth E. Wagner and AJ D. Martinez of the law firm Latham, Wagner, Steele & Lehman, P.C., and for its Complaint against Defendant Paula Waltman, a/k/a Paula Jean Waltman, a/k/a PJ Waltman, d/b/a Vintage Hip Marketplace ("Defendant"), alleges, on knowledge as to its own actions, and otherwise upon information and belief, as follows:

## PRELIMINARY STATEMENT

1. This is an action for infringement of Plaintiff's federally-registered service mark VINTAGE MARKET DAYS under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and for substantial and related claims of unfair competition, trademark infringement, and violation of the Oklahoma Deceptive Trade Practices Act under the statutory and common laws of the State of Oklahoma, all arising from the Defendant's unauthorized use of Plaintiff's trademark VINTAGE MARKET DAYS in connection with the marketing,

advertising, promotion, offering for sale and/or sale of Defendant's services related to its antique mall, marketplace and hosted events.

2. Plaintiff seeks injunctive and monetary relief.

## JURISDICTION

3. This court has jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1332 and 1338(a) and (b), and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367.

## VENUE

4. Venue is proper in this district under 28 U.S.C. § 1391, *et seq*.

## PARTIES

5. Plaintiff is a limited liability company formed under the laws of the State of Oklahoma having its principal place of business at 4917 E. 105th St., Tulsa, Oklahoma 74137. Plaintiff is a franchise business with franchisees in approximately 16 states across the country.

6. Upon information and belief, Defendant is an individual residing in Tyler, Texas. Upon information and belief Defendant conducts business under the name Vintage Hip Marketplace with her principal place of business at 5100 Chandler Hwy, Tyler, Texas 75709. Upon information and belief, Defendant owns and operates her business at the above address and online at her website address www.vintage-hip.com.

## FACTS

### Plaintiff's VINTAGE Trademarks

7. Plaintiff is a well-known company who hosts regional events utilizing its registered trademarks. As part of its regular course of business, VMD sells territorial franchises to customers who then own the rights to hold VMD events utilizing the VMD marks and proprietary franchise information. VMD began in the Tulsa, Oklahoma area in 2011 and has

2

since expanded to multiple market areas in various cities across 16 different states including Alabama, Arkansas, Colorado, Florida, Georgia, Kansas, Louisiana, Mississippi, Missouri, Nebraska, North Carolina, Oklahoma, South Carolina, Tennessee, Texas, and Utah.

8. VMD has expertise and a strong national reputation for arranging, organizing, planning and conducting vintage inspired trade shows, markets, and events, in the field of arts, crafts, furniture, home goods, jewelry, antiques and collectibles at carefully selected locations throughout the United States.

9. Plaintiff puts great care and effort into selecting its vendors and franchisees so that its customers are provided with the variety, originality, and high quality of goods in the exciting yet charming family atmosphere that customers have come to expect of Plaintiff.

10. Plaintiff is the owner of a family of trademarks encompassing its vintage experience, including valid and subsisting U.S. Service Mark Registration No. 4,524,386 on the Principal Register in the United States Patent and Trademark Office ("USPTO") for the service mark VINTAGE MARKET DAYS ("VINTAGE MARKET DAYS Mark") for "Arranging and conducting trade shows in the field of arts, crafts, antiques and collectibles." Attached as **Exhibit 1** is a true and correct copy of the registration certificate for Plaintiff's VINTAGE MARKET DAYS Mark, which was issued by the USPTO on May 6, 2014.

11. Plaintiff is also the owner of valid and subsisting U.S. Service Mark Registration No. 4,624,872 on the Principal Register in the USPTO for the service mark BRINGING THE VINTAGE EXPERIENCE TO YOU ("VINTAGE EXPERIENCE Mark"),[1] for "Arranging and

---

[1] The VINTAGE MARKET DAYS Mark and the VINTGAGE EXPERIENCE Mark are, at times, collectively referred to herein as "Plaintiff's VINTAGE Marks".

3

conducting trade shows in the field of arts, crafts, antiques and collectibles." Attached as **Exhibit 2** is a true and correct copy of the registration certificate for Plaintiff's VINTAGE EXPERIENCE Mark, which was issued by the USPTO on October 21, 2014.

12. Plaintiff has used the VINTAGE MARKET DAYS Mark in commerce continuously since August 2011 in connection with the offering for sale, sale, marketing, advertising and promotion of arranging and conducting trade shows in the field of arts, crafts, antiques and collectibles ("Plaintiff's Services" or "Services").

13. As a result of its widespread, continuous and exclusive use of the VINTAGE MARKET DAYS Mark to identify its Services and Plaintiff as their source, Plaintiff owns valid and subsisting federal statutory and common law rights to the VINTAGE MARKET DAYS Mark.

14. Plaintiff's VINTAGE MARKET DAYS Mark is distinctive to both the consuming public and Plaintiff's trade.

15. Plaintiff has expended substantial time, money and resources marketing, advertising and promoting the Services sold under the VINTAGE MARKET DAYS Mark including through Plaintiff's website, social media, print advertisements, local news and newspapers, and various other advertising channels.

16. Through its many market areas in several states, Plaintiff is on pace to conduct over 60 vintage market events in 2016. In fact, Plaintiff currently has 24 scheduled events between August 26, 2016 and November 18, 2016 in various states from Colorado to Texas to Louisiana, among others. All events of which are and will be held under the VINTAGE MARKET DAYS Mark.

17. Extreme care is put into the Services provided by Plaintiff under the VINTAGE MARKET DAYS Mark so that customers are provided with the variety, originality, and high quality of goods in the exciting yet charming family atmosphere that customers have come to expect of Plaintiff.

18. As a result of VMD's expenditures and efforts, and extensive, continuous and exclusive use of the VINTAGE MARKET DAYS Mark, the VINTAGE MARKET DAYS Mark has come to signify the high quality of the Plaintiff's Services that customers have come to recognize and rely upon as uniquely identifying Plaintiff's Services and distinguishing Plaintiff's Services from similar services offered by others. Further, the VINTAGE MARKET DAYS Mark has acquired incalculable distinction, reputation and goodwill belonging exclusively to Plaintiff.

19. Plaintiff's VINTAGE MARKET DAYS Mark and the Services offered thereunder have received significant unsolicited coverage in various media, including being featured as one of *Country Living Magazine's* "7 Flea Markets & Barn Sales You Won't Want To Miss in 2015". *See* http://www.countryliving.com/shopping/antiques/a155/readers-favorite-flea-markets/.

## Defendant's Unlawful & Infringing Activities

20. Upon information and belief, Defendant is engaged in a nearly, if not completely, identical business as Plaintiff. Defendant operates a vintage store and online shop named "Vintage Hip Marketplace" as well as conducts events similar to Plaintiff's.

21. Without Plaintiff's authorization, and upon information and belief, beginning after Plaintiff acquired protectable exclusive rights in its VINTAGE MARKET DAYS Mark, Defendant adopted and began using the VINTAGE MARKET DAYS mark as well as another

mark (which Defendant continues to use) VINTAGE HIP MARKET DAYS ("Infringing Mark(s)" or "VINTAGE HIP MARKET DAYS Mark") in U.S. commerce.

22. The Infringing Marks adopted and used by Defendant are in once instance, identical, and in the other, nearly identical and confusingly similar to Plaintiff's VINTAGE MARKET DAYS Mark. In fact, as is plainly obvious, the only difference to the VINTAGE HIP MARKET DAYS Mark is the fact that Defendant added the word "HIP" in obscure typeface to VMD's existing Mark. Further, as discussed in more detail below, this addition was made **only** after Plaintiff requested Defendant refrain from its infringing activities.

23. Upon information and belief, Defendant has been using the Infringing Marks in connection with the marketing, advertising, and promotion of arranging, organizing, planning and conducting vintage inspired trade shows, markets, and events, and the selling of arts, crafts, furniture, home goods, jewelry, antiques and collectibles. Attached hereto as **Exhibit 3** are true and correct copies of pages from Defendant's website and Facebook page showing Defendant's use of the Infringing Marks.

24. Upon information and belief, the services Defendant has marketed, advertised, promoted, offered for sale and sold under the Infringing Marks are identical to Plaintiff's Services.

25. Upon information and belief, Defendant has marketed, advertised, promoted, offered for sale and sold its services under the Infringing Marks through its brick and mortar storefront, online store and specific events, which is in direct competition with Plaintiff's Services offered under its VINTAGE MARKET DAYS Mark.

26. Upon information and belief, Defendant has marketed, advertised and promoted its services under the Infringing Marks through its website www.vintage-hip.com and its Facebook page. *See* **Exhibit 3**.

27. Upon information and belief, Defendant offers and sells its services under the Infringing Marks to the same group and type of consumers Plaintiff offers and sells its services to under its VINTAGE MARKET DAYS Mark.

28. On May 24, 2016, Plaintiff first contacted Defendant via Facebook regarding the unauthorized use Plaintiff's VINTAGE MARKET DAYS Mark kindly requesting that the infringing uses be removed. Defendant's use consisted of using Plaintiff's copyrighted logo which incorporates Plaintiff's VINTAGE MARKET DAYS Mark on Defendant's Facebook page. Defendant responded to Plaintiff's request and initially complied with Plaintiff's request on May 26, 2016. Attached as **Exhibit 4** are screenshots of the May 24, 2016 Facebook correspondence.

29. On July 25, 2016, Plaintiff became aware that Defendant was once again using VMD's copyrighted logo and VINTAGE MARKET DAYS Mark without authorization. Defendant simply added the word "hip" to Plaintiff's copyrighted logo and VINTAGE MARKET DAYS Mark and put it back up on its Facebook page. Defendant also changed the name of several of its events to "Vintage Hip Market Days." Plaintiff contacted Defendant via email requesting the removal of the infringing uses. Attached as **Exhibit 5** is an email chain containing the July 25, 2016 correspondence as well as correspondence from July 28, 2016 and August 2, 2016, which are referenced below. *See* also **Exhibit 3** for infringing uses.

30. On July 27, 2016, having received no response from Defendant, Plaintiff again contacted Defendant via Facebook forwarding the July 25, 2016 email and informing Defendant

that the information would be turned over to Plaintiff's counsel. Attached as **Exhibit 6** are screenshots of the July 27, 2016 through July 30, 2016 Facebook correspondence.

31.     On July 28, 2016, having received no response from Defendant, Plaintiff emailed Defendant requesting the removal of the infringing uses and notifying that failure to do so would require Plaintiff to refer the matter to its counsel. *See* **Exhibit 5** for the July 28, 2016 email correspondence.

32.     On Tuesday, August 2, 2016, Plaintiff once again emailed Defendant concerning Defendant's infringement. Later that day, Plaintiff received multiple Facebook messages from Defendant essentially stating why they will not comply with Plaintiff's repeated requests to stop the infringing uses. As it became clear that Defendant had no intentions of complying with Plaintiff's requests and the Facebook messages started to border on harassing, Plaintiff blocked all further Facebook messages from Defendant. *See* **Exhibit 5** for the August 2, 2016 email correspondence. Attached as **Exhibit 7** are screenshots of the August 2, 2016 Facebook correspondence.

33.     To date, Defendant has willfully and intentionally refused to comply with Plaintiff's repeated requests to stop the infringing uses and Plaintiff, after reasonable inquiry, has no evidence that Defendant has complied with said requests.

34.     Defendant's infringing acts as alleged herein have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of the Defendant's Services and have and are likely to deceive the relevant consuming public into believing, mistakenly, that Defendant's Services originate from, are associated or affiliated with, or otherwise authorized by VMD.

35. Upon information and belief, and as evidenced in the attached exhibits, Defendant's acts are willful with the deliberate intent to trade on the reputation and goodwill of Plaintiff's VINTAGE MARKET DAYS Mark, cause confusion and deception in the marketplace, and divert potential sales of Plaintiff's Services to the Defendant.

36. Defendant's acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiff and to its valuable reputation and goodwill with the consuming public for which Plaintiff has no adequate remedy at law.

## COUNT ONE

### (Federal Service Mark Infringement under 15 U.S.C. § 1114)

37. Plaintiff repeats and realleges paragraphs 1 through 36 hereof, as if fully set forth herein.

38. Defendant's unauthorized use in commerce of the Infringing Marks as described herein is likely to cause confusion, mistake or deception and constitutes service mark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

39. Upon information and belief, Defendant has committed the foregoing acts of infringement with full knowledge of Plaintiff's prior rights in the VINTAGE MARKET DAYS Mark and with the willful intent to cause confusion and trade on Plaintiff's reputation and goodwill.

40. Defendant's conduct is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

41. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees and costs

of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT TWO

**(Federal Unfair Competition and False Designation of Origin under 15 U.S.C. §1125(a))**

42. Plaintiff repeats and realleges paragraphs 1 through 41 hereof, as if fully set forth herein.

43. Defendant's unauthorized use in commerce of the Infringing Marks as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

44. Defendant's conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake or deception as to the affiliation, connection or association of Defendant with Plaintiff.

45. Defendant's conduct as alleged herein is intended to and is likely to cause confusion, mistake or deception as to the origin, source, sponsorship, or affiliation of the Defendant's services.

46. Defendant's conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

47. Defendant's conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

48. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees and costs

of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT THREE

### (Violation of the Oklahoma Deceptive Trade Practices Act)

49. Plaintiff repeats and realleges paragraphs 1 through 48 hereof, as if fully set forth herein.

50. This claim is brought pursuant to 78 Okla. Stat. § 53, the Oklahoma Deceptive Trade Practices Act, for Defendant's unlawful use of the VINTAGE MARKET DAYS Mark, which constitutes the knowing and false representation as to sponsorship, approval, affiliation, connection, association with or certification by Plaintiff, and efforts to pass off Defendant's services as that of Plaintiff and to trade on Plaintiff's reputation and goodwill.

51. As a result of Defendant's unlawful conduct, Plaintiff has been damaged and is entitled to recover its attorney's fees pursuant to 78 Okla. Stat. § 54.

52. Defendant's conduct is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

## COUNT FOUR

### (Unfair Competition, Common Law Trademark Infringement, Passing Off)

53. Plaintiff repeats and realleges paragraphs 1 through 52 hereof, as if fully set forth herein.

54. This claim is brought under the common law of the State of Oklahoma for unfair competition and trademark infringement.

55. By using Plaintiff's VINTAGE MARKET DAYS Mark, Defendant created confusion regarding the source of Defendant's services, traded on the reputation and goodwill of, and infringed Plaintiff's VINTAGE MARKET DAYS Mark, all in violation of the common law of the State of Oklahoma.

56. Defendant intentionally, knowingly, and wilfully engaged in common law unfair competition, trademark infringement and passing off, acted in bad faith and in conscious and reckless disregard for the rights of Plaintiff, for which Plaintiff is entitled to attorney's fees and costs.

57. As a result of Defendant's conduct, Plaintiff has suffered and continues to suffer damages.

58. Plaintiff's remedy at law is not by itself adequate, and Plaintiff has suffered and continues to suffer irreparable harm such that Plaintiff is entitled to injunctive relief.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests judgment against Defendant as follows:

1. That the Court enter judgment in favor of Plaintiff and against Defendant as to each of the above counts;

2. That Defendant be preliminary and permanently enjoined pursuant to Section 34 of the Lanham Act (15 U.S.C. § 1116) from using Plaintiff's federally registered trademarks as described herein, including but not limited to the VINTAGE MARKET DAYS Mark, or any other marks that are confusingly similar to Plaintiff's VINTAGE Marks, including but not limited to the Infringing Marks, and from any and all other conduct which is likely to cause confusion or to cause a mistake as to affiliation, connection or association of Defendant with Plaintiff, as to origin, sponsorship, or approval of Defendant's services by Plaintiff;

3. That Defendant be ordered to file with this Court and serve of Plaintiff within thirty (30) days after the service of the injunction, a report in writing, under oath, setting forth in detail the manner and form in which Defendant has complied with the injunction pursuant to 15 U.S.C. § 1116;

4. Directing that Defendant account to and pay over to Plaintiff all profits realized by its wrongful acts in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)) enhanced as appropriate to compensate Plaintiff for the damages caused thereby;

5. Awarding Plaintiff an amount up to three times the amount of its actual damages, in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a));

6. That Defendant be required to pay Plaintiff's costs, expenses, and reasonable attorneys' fees in connection with this action, as provided in 15 U.S.C. § 1117, 78 Okla. Stat. § 53, and other applicable statutory and common law authorities;

7. That Defendant be required to pay damages incurred by Plaintiff as a result of the unfair competition and deceptive trade practices perpetrated by Defendant;

8. Awarding Plaintiff interest, including prejudgment and post-judgment interest, on the foregoing sums;

9. Awarding Plaintiff punitive and exemplary damages as the court finds appropriate to deter any future willful infringement;

10. Awarding such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all claims that may be tried before a jury.

DATED: September 20, 2016.

Respectfully submitted,

  */s/ AJ D. Martinez*
Kenneth E. Wagner, OBA No. 16049
AJ D. Martinez, OBA No. 31634
Latham, Wagner, Steele & Lehman, P.C.
10441 S Regal Blvd, Suite 200
Tulsa, OK 74133
Tel:  (918) 970-2000
Fax: (918) 970-2002
*Attorneys for Plaintiff*

14